Jack Stanislaw, J.
These three petitioners took and passed the written examination of the Suffolk County Civil Service Commission for the position -of Patrolman for the ‘County Police Department. However, they all failed the subsequent medical examination because of high blood pressure and, in the case of petitioner G-riffin, defective vision. All requested an appeal of the findings of the medical examination. In the past, such appeals had been granted to the extent of directing appellants to an independent physician whose decision would then be deemed final. In this instance, that appeal procedure was not followed. Petitioners were told simply that the Commission, in the exercise of its discretion, had decided to abrogate this medical appeal procedure.
This is an article 78 proceeding brought to review the commission’s denial of the “usual” procedure, and to direct the granting of their appeal to the extent of a new or further medical examination. Bespondent, citing the urgent need for the establishment of an eligible list, defends its refusal to follow former procedure as neither arbitrary, capricious, nor beyond the lawful exercise of its discretionary powers.
*563 Although petitioners have indicated their medical qualifications, based on examinations made independently after those of the respondent, it is not disputed that the results of the Commission's examinations are accurate. The official tests did disqualify the petitioners (though the adverse results are conceivably attributable to other than strictly medical or physical reasons). That the Commission did not then follow prior liberal medical appeals procedures is not a sufficient basis for the relief sought here and now. (Matter of Eisig v. Conway, 198 Misc. 770.) The petition is dismissed.